FILED
United States Court of Appeals
Tenth Circuit

May 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES E. MILLS,

      Petitioner - Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility; PHILL
KLINE, Attorney General of Kansas,

      Respondents - Appellees.

No. 07-3356

(D. Kansas)

(D.C. No. 5:06-CV-03206-CM)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Charles E. Mills, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) so that he may appeal the denial by the United States District

Court for the District of Kansas of his application for relief under 28 U.S.C.

§ 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA for state prisoner to

appeal). We deny his request for a COA and dismiss the appeal.

Mr. Mills was convicted of possession of cocaine, forgery, and obstruction

of legal process in Shawnee County, Kansas, on November 18, 2003, and

sentenced to 40 months' imprisonment. On July 25, 2006, he filed his § 2254

application. He claimed that Kansas had violated his right to due process by

failing to bring his case to trial within 180 days and that the prosecutor, the judge,

and his defense attorney had conspired to deny him a speedy trial. He admitted that his second claim had not been presented to a state appellate court, but asserted that the alleged conspiracy was newly discovered evidence supporting his speedy-trial claim.

On December 4, 2007, District Judge Carlos Murguia entered a Memorandum and Order denying relief under § 2254. He ruled that Mr. Mills had failed to establish a violation of his constitutional right to a speedy trial because the delay was not lengthy enough to create a presumption of prejudice, and, in any event, the brief delay was caused by Mr. Mills's attorney. As for the conspiracy claim, Judge Murguia ruled that it was not exhausted because Mr. Mills had failed to bring it before either Kansas appellate court, and that it was now procedurally barred because the time for a state appeal had passed. The district court denied a COA.

Mr. Mills argues before us that (1) his right to a speedy trial was violated; (2) the state court, the assistant district attorney, and Mr. Mills's public defender conspired to deny him his right to a speedy trial; and (3) Judge Murguia should not have decided Mr. Mills's case because he was also assigned to the case as a magistrate judge. In order to obtain a COA, Mr. Mills must make "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2).

Mr. Mills's first argument is that his right to a speedy trial was violated because the state court did not comply with the Uniform Mandatory Disposition

of Detainers Act (UMDDA), Kan. Stat. Ann. § 22-4301 et seq., which governs procedures for intrastate detainers. *Cf. id*. § 22-4401 et seq. (establishing procedures for interstate detainers as part of the Interstate Agreement on Detainers). But § 2254 provides relief only for violations of federal law, not violations of state law. *See* 28 U.S.C. § 2254(d)(1); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("[a] federal court may not issue the writ on the basis of a perceived error of state law"). Thus, a violation of the UMDDA will not sustain a § 2254 claim.

As for his second claim, Mr. Mills does not contest that it is procedurally barred. We will consider a procedurally barred claim only if the applicant can show "cause and prejudice or a fundamental miscarriage of justice." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000). Mr. Mills offers the conspiracy itself as "cause and prejudice." But he presents no argument why he could not have timely raised this issue in state court.

Mr. Mills's third argument seems to be based on the misapprehension that Judge Murguia is or was a magistrate judge. Judge Murguia has never served as a magistrate judge on the federal bench, and has been a district judge since 1999.

We therefore DENY Mr. Mills's request for a COA and AFFIRM the district court's dismissal of his application for a writ of habeas corpus.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge